## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2020, 8:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. Potts
McCoy Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joanna Marie Allis-Rucker, *Appellant-Defendant*, | August 24, 2020 |
| | Court of Appeals Case No. 20A-CR-518 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, *Appellee-Plaintiff*. | The Honorable Randy J. Williams, Judge |
| | Trial Court Cause No. 79D01-1905-F4-26 |

**Brown, Judge.**

[1] Joanna Marie Allis-Rucker appeals her sentence for dealing in methamphetamine as a level 4 felony and asserts her sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On May 3, 2019, Allis-Rucker possessed, with the intent to deliver, methamphetamine having a weight of at least one gram but less than five grams. Law enforcement discovered a lockbox in her possession containing approximately 3.7 grams of methamphetamine. The State charged Allis-Rucker with dealing in methamphetamine between one and five grams as a level 4 felony, unlawful possession of a syringe as a level 6 felony, and possession of a narcotic drug as a level 6 felony. Allis-Rucker and the State entered into a plea agreement pursuant to which she agreed to plead guilty to dealing in methamphetamine as a level 4 felony and the State agreed to dismiss the remaining counts.

[3] The court held a guilty plea hearing at which Allis-Rucker pled guilty pursuant to the plea agreement. The court found the mitigating factors were that Allis-Rucker pled guilty and accepted responsibility for her actions, had mental health issues, and had the support of her family. It indicated her sentence was reduced by 180 days for recently obtaining her high school equivalency diploma. It found the aggravating factors were her criminal history, that she had eight petitions to revoke probation and was on probation at the time she committed the offense, her substance abuse history, and her previous unsuccessful attempts at rehabilitation. It also stated that she had a child

support arrearage. The court sentenced Allis-Rucker to eight and one-half years with two years suspended to supervised probation with one and one-half years of her executed sentence to be served in community corrections.

## *Discussion*

[4] Allis-Rucker claims her sentence is inappropriate in light of the nature of the offense and her character. She points to her guilty plea and her mental health issues and argues the length of her sentence is an outlier. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] Ind. Code § 35-50-2-5.5 provides that a person who commits a level 4 felony shall be imprisoned for a fixed term of between two years and twelve years with the advisory sentence being six years.

[6] Our review of the nature of the offense reveals that Allis-Rucker possessed, with intent to deliver, methamphetamine having a weight of at least one gram but less than five grams. The lockbox discovered in her possession contained approximately 3.7 grams of methamphetamine.

[7] Our review of the character of the offender reveals that Allis-Rucker pled guilty pursuant to a plea agreement and the agreement provided the other charges

against her would be dismissed. The presentence investigation report ("PSI") reveals, with respect to her mental health, that Allis-Rucker reported she was diagnosed with bipolar disorder, anxiety, post-traumatic stress disorder, attention deficit hyperactivity disorder, and depression through Wabash Valley Hospital in 2011, and she has been prescribed Prozac and participated in counseling at Wabash Valley. The PSI further reveals that Allis-Rucker reported she began using drugs at the age of fourteen and last used drugs on May 3, 2019. She admitted she used methamphetamine daily between the ages of twenty-seven and thirty-three and used heroin every other day between the ages of twenty-eight and thirty-three. Her record of substance abuse treatment included court orders to complete alcohol/drug education programs though court services in Tippecanoe County and White County in 2006, alcohol/drug counseling through Wabash Valley Hospital in 2007, inpatient treatment for three months at Recovery Matters in East Chicago in 2014, a resident program at The Home with Hope in 2017, Sycamore Springs drug/alcohol counseling in 2017, and an alcohol/drug program through court services in June 2019. She stated she committed the instant offense to support her drug habit.

[8] The PSI further reveals that Allis-Rucker, who was born in 1985, was adjudicated delinquent as a juvenile for illegal possession of an alcoholic beverage and theft. As an adult, she was convicted of conversion as a class A misdemeanor and operating a vehicle with a BAC of .08 or more as a class C misdemeanor in 2006; public intoxication, failure to stop after accident, and disorderly conduct as class B misdemeanors in 2007; conversion as a class A

misdemeanor in 2011; operating a vehicle as an habitual traffic violator as a class D felony and possession of marijuana or synthetic equivalent as a misdemeanor in 2012; unlawful sale of a precursor as a class C felony in 2014; two counts of unlawful possession of a syringe as level 6 felonies, operating a vehicle while intoxicated as a class C misdemeanor, and possession of methamphetamine as a level 6 felony in 2017; and leaving the scene of an accident with bodily injury and theft as class A misdemeanors in 2019. The PSI states Allis-Rucker has had eight petitions to revoke probation filed against her which had been found true and she was on probation when she committed the instant offense. The PSI also provides that Allis-Rucker's overall risk assessment score using the Indiana Risk Assessment System places her in the high risk to reoffend category.

[9] After due consideration and in light of her criminal history, we conclude that Allis-Rucker has not sustained her burden of establishing that her sentence is inappropriate in light of the nature of the offense and her character.[1]

---

[1] To the extent Allis-Rucker argues the court abused its discretion in failing to give her guilty plea and mental health issues the consideration they deserved, we need not address this issue because we find that her sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that, in the absence of a proper sentencing order, Indiana appellate courts may either remand for resentencing or exercise their authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), *reh'g denied*; *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*. Even if we were to address Allis-Rucker's abuse of discretion argument, we would not find it persuasive in light of the record.

For the foregoing reasons, we affirm Allis-Rucker's sentence.

Affirmed.

Robb, J., and Crone, J., concur.